**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LARRY S. HYMAN and**
**LEE ANN LOTT,**

    Plaintiffs,

v.   Case No. 8:01-cv-2460-T-30TGW

**PERFORMANCE TOYOTA, INC. and**
**JOHN T. MACALUSO,**

    Defendants.
_____

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff Lee Ann Lott's Motion for Garnishment (Dkt. #78), Miracle of Central Florida's Opposition to Plaintiff's Motion for Garnishment filed under seal (S-1), and Plaintiff's Reply to Defendant's Opposition to Motion for Garnishment filed under seal (S-2). The Court, having considered the motion, response, reply, memoranda of both parties, the Settlement Agreement and Assignment (S-1, Exhibit A) filed under seal, and being otherwise advised in the premises, finds that Plaintiff Lee Ann Lott's Motion for Garnishment should be denied.

### **Background**

On October 25, 2003, the parties completely settled the underlying case at mediation (Dkt. #66). As a result, on November 03, 2003, this Court entered an Order of Dismissal dismissing the case without prejudice subject to the right of any party to re-open the action within sixty days. On June 27, 2005, the parties filed a Stipulated Motion to Reopen Case for Entry of Final Judgment (Dkt. #69). On June 30, 2005, this Court granted the parties'

stipulated motion to reopen the case and directed the Clerk to enter a judgment in favor of Plaintiff, Lee Ann Lott ("Plaintiff"), and against Defendants, Performance Toyota, Inc. d/b/a Miracle Toyota ("Miracle Toyota"), and John T. Macaluso (together, the "Defendants"), jointly and severally, in the amount of $275,000.00, plus interest. Accordingly, on July 1, 2005, the Clerk entered a Judgment In A Civil Case (Dkt. #71) (the "Judgment").

Plaintiff now brings a Motion for Garnishment requesting this Court to issue a writ of garnishment directed to Garnishee, SunTrust Bank, in an attempt to execute upon the Judgment entered against Miracle Toyota. In opposition, Miracle Toyota argues that the Settlement Agreement and Assignment ("Settlement Agreement") entered by and between the parties prohibits the enforcement of the Judgment against Defendants.

Upon a review of the Settlement Agreement filed under seal, this Court concludes that the Settlement Agreement prohibits Plaintiff from attempting to enforce the Judgment against the Defendants in any way. Accordingly, Plaintiff is barred from attempting to execute on the Judgment through garnishment proceedings.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Lee Ann Lott's Motion for Garnishment (Dkt. #78) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2001\01-cv-2460.mt garnish.wpd