UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LARRY S. HYMAN and**
**LEE ANN LOTT,**

    Plaintiffs,

v.                                Case No. 8:01-cv-2460-T-30TGW

**PERFORMANCE TOYOTA, INC. and**
**JOHN T. MACALUSO,**

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Miracle of Central Florida's Motion and Incorporated Memorandum of Law for Relief from Judgment Pursuant to Rule 60(b) (Sealed Document S-3), Lott's Response to Defendant, Miracle of Central Florida's, Motion for Relief from Judgment Pursuant to Rule 60(b) and Lott's Opposed Rule 60(b) Motion to Set Aside Settlement Agreement, Motion for Sanctions, and Memorandum of Law (Sealed Document S-4), John T. Macaluso's Motion and Memorandum of Law for Relief From Judgment Pursuant to Rule 60(b) (Sealed Document S-4), and Miracle of Cental Florida's Opposition to Plaintiff's Motion for Relief Under Rule 60(b) (Sealed Document S-6).

### Background

On November 03, 2003, following settlement by the parties at mediation, this Court entered an Order of Dismissal (Dkt. #65) dismissing this case without prejudice. The parties memorialized the terms of the settlement in a Settlement Agreement and Assignment (the

"Settlement Agreement"), which Defendants have filed under seal.  Pursuant to the terms of the Settlement Agreement, the parties agreed to stipulate to the entry of a judgment in favor of Plaintiff Lee Ann Lott ("Lott") in the amount of $275,000.00.  Miracle Toyota assigned Lott all of its claims against its insurance carrier, Fireman's Fund Insurance Company ("Fireman's Fund").  Lott was required to make a demand against Fireman's Fund for recovery of the judgment amount.  In the event Fireman's Fund rejected the claim, Defendants agreed to pay Lott a sum of $10,000.00 within ten days notice of said rejection.  Furthermore, the Settlement Agreement provided that: (i) the sole purpose of the Judgment was to allow Lott to pursue the claim against Fireman's Fund, (ii) the Judgment could not be recorded, assigned, transferred, or pledged, and (iii) Lott could not enforce the judgment against Defendants.

On June 30, 2005, this Court granted in part and denied in part the parties' Stipulated Motion to Reopen Case for Entry of Final Judgment (Dkt. #70) and directed the Clerk to enter judgment in favor of Lott and against Defendants Miracle Toyota and John T. Macaluso (collectively, "Defendants"), jointly and severally, in the amount of $275,000.00, plus interest.  Accordingly, on July 1, 2005, the Clerk entered a Judgment in a Civil Case (Dkt. #71) (the "Judgment").  Following entry of the Judgment, Lott commenced an action against Fireman's Fund, which she subsequently voluntary dismissed.

On June 13, 2005, Lott's attorney provided notice to Miracle Toyota that Fireman's Fund had not replied to Lott's demand for payment of the judgment amount.  Lott demanded payment from Miracle Toyota of the $10,000.00, plus the full amount of the judgment, with

interest, plus attorney fees. In a second letter dated November 28, 2005, in connection with a second request for payment, Lott's attorney indicated that he had recorded the final Judgment. Miracle Toyota's attorney responded by letter dated December 2, 2005, contesting both the recordation of the Judgment and Lott's entitlement to any amount in excess of $10,000.00. On February 22, 2006, Miracle Toyota tendered payment of the $10,000.00 to Lott, plus accrued interest from June 23, 2005. Lott refused to accept this payment.

Miracle now brings a Motion and Incorporated Memorandum of Law for Relief from Judgment Pursuant to Rule 60(b). Miracle argues that this Court should grant Miracle relief from the Judgment because, pursuant to the terms of the Settlement Agreement, it would be unjust to allow Plaintiff to enforce the Judgment. Moreover, Miracle argues that relief is appropriate under Fed. R. Civ. P. 60(b) subsection 5 (allowing the court to relieve a party from final judgment if the "the judgment has been satisfied, released . . . .") and 6 (permitting the court to relieve a party from judgment for "any other reason justifying release from the operation of the judgment.").

In opposition, Plaintiff argues that this Court should rescind the Settlement Agreement for failure of consideration due to fraud, mutual mistake, false representation, or impossibility of performance. Lott alleges that Miracle Toyota did not properly notify Fireman's Fund of its claim and that, without notifying Plaintiff, Defendant requested an early cancellation of its policy. Lott argues that she was not aware of these facts at the time she executed the Settlement Agreement. Moreover, Lott argues that as a result these facts,

Miracle Toyota's assignment of its insurance policy claims was not valid, and thus the Settlement Agreement lacked consideration. Because of the alleged misrepresentation, Lott claims that she was forced to dismiss her action against Fireman's Fund.

Upon review of the Settlement Agreement and the parties' motions and responses referenced herein, and being otherwise advised in the premises, this Court concludes that Defendants are entitled to relief from the Judgment. This Court does not find evidence of fraud, mutual mistake, false representation, or impossibility of performance. Accordingly, Plaintiff may not enforce the Judgement and Defendants are entitled to the relief requested.

It is therefore ORDERED AND ADJUDGED that:

1. Miracle of Central Florida's Motion and Incorporated Memorandum of Law for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 87) is GRANTED.

2. John T. Macaluso's Motion and Memorandum of Law for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 89/91) is GRANTED.

3. Lott's Opposed Rule 60(b) Motion to Set Aside Settlement Agreement, Motion for Sanctions, and Memorandum of Law (Dkt. 88) is DENIED.

4. This Court's Judgment in a Civil Case (Dkt. 71) is VACATED

5. Within fifteen (15) days of the date hereof, Defendants, Performance Toyota, Inc. d/b/a Miracle Toyota and John T. Macaluso, shall tender payment of $10,000.00 to Tanner & Alexis, P.A. and Lee Ann Lott, plus accrued interest thereon from June 23, 2005, to February 22, 2006, pursuant to the terms of the Settlement Agreement. If Defendants do

not tender payment within fifteen (15) days, this Court shall enter judgment in favor of Plaintiff Lee Ann Lott.

6. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2001\01-cv-2460.order for relief from judgment.frm